CHRISTENSEN v. METROPOLITAN ST. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. April 4, 1905.)

No. 2,101.

1. TRIAL—DIRECTION OF VERDICT—QUESTIONS OF NEGLIGENCE.

While the questions of negligence and contributory negligence are ordinarily questions of fact to be passed on by a jury, yet if it clearly appears from the undisputed facts, judged in the light of that common knowledge and experience of which courts are bound to take notice, that a party has not exercised such care as men of common prudence usually exercise in positions of like exposure and danger, or where the evidence is of such conclusive character that the court would be compelled to set aside a verdict in opposition to it, the case may properly be withdrawn from the jury.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 279–346; vol. 46, Cent. Dig. Trial, §§ 379, 380, 383, 384, 391.]

2. STREET RAILROADS—CARE IN EQUIPMENT OF CARS—SCREENS PROTECTING WINDOWS.

Screens with large meshes fastened across the lower half of the windows of a street car on the side next to the poles supporting the trolley wires are a sufficient protection against the accidental injury of passengers from such poles, and a sufficient warning of the danger of such

injury to absolve the railway company from the charge of negligence in that regard.

**3.** SAME—INJURY OF PASSENGER—CONTRIBUTORY NEGLIGENCE.

A passenger in a street car who, on account of a sudden illness, extended her head through a window, above a screen which covered the lower half of the window, and was injured by striking against a trolley pole beside the track, being obliged in order to so reach the window to stand up or kneel upon the seat, was chargeable with contributory negligence, as matter of law, which precludes a recovery against the company for the injury.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1380.]

In Error to the Circuit Court of the United States for the District of Kansas.

John H. Atwood (Atwood & Hooper and McFadden & Morris, on the brief), for plaintiff in error.

O. L. Miller (Miller, Buchan & Miller, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and PHILIPS and RINER, District Judges.

RINER, District Judge. This is an action brought by Augusta Christensen against the Metropolitan Street Railway Company to recover damages for personal injuries which she alleges were caused by the negligence of the defendant street railway company. The action was commenced in the state court, and removed by the defendant in error to the Circuit Court of the United States for the District of Kansas.

The plaintiff in error (also plaintiff below), in her amended petition, alleges, in substance, that the defendant was a corporation duly organized, and at the time of her alleged injury was engaged in maintaining and operating a system of street railway, upon and along certain streets in the cities of Kansas City, Kan., and Kansas City, Mo.; that one of the defendant's branch lines, extending from the Union Depot in Kansas City, Mo., to a station called Riverview, in the City of Kansas City, Kan., was constructed upon an elevated structure along Central avenue in Kansas City, Kan., and across the Kansas river, and along Ninth street, in Kansas City, Mo.; that for the purpose of conducting electricity, which supplied the power for running its cars, the defendant, overhead and on a line nearly perpendicular with the center of its tracks, strung a copper wire, known as a "trolley wire," and, in order to hold the wire in position, had, on the side of the track, erected large poles of wood or iron upright; that extending out from the top, or near the top, of each of the poles, was an arm, and to the end of the arm, or near the end of the arm, the trolley wire was fastened. It is further alleged that, to make it reasonably safe for public travel, and to protect the lives of its employés and passengers transported by its cars, it was necessary to place these poles, supporting the trolley wire, at a distance not less than three or four feet from the rail on either side of the track; that, if the poles were placed nearer than that distance to the track, it would be necessary, in order to

protect the lives and limbs of its passengers, to place screens or bars on the windows of its cars, to prevent passengers from extending any part of their body outside of the cars. It is further alleged that on the 3d of October, 1900, the plaintiff in error became and was a passenger upon one of defendant's cars, boarding the car north of Riverview Station, and that she paid the conductor the regular fare entitling her to transportation to the Union Depot in Kansas City, Mo. It is further alleged that one or more of the poles used by the defendant, supporting the trolley wire, had been placed nearer than three feet to the side of the track, and was by defendant permitted to remain so close to the track as to endanger the lives and limbs of passengers upon the cars passing along the track, because of the liability of the passengers coming in contact therewith, which fact was wholly unknown to the plaintiff. It is further alleged that the defendant failed to equip and furnish the car upon which the plaintiff was a passenger with screens or bars at the windows to prevent passengers from extending their heads, arms, or other portions of their body out of the car window, or to give any warning whatsoever not to do so. It is then alleged that the defendant's servants in charge of the car upon which the plaintiff had taken passage permitted the car to become crowded and overloaded with passengers to such an extent that the seats in the car were all taken, and the aisle, or space between the seats, was jammed with persons standing therein, who leaned and crowded upon the plaintiff; that, on account of the overloaded and crowded condition of the car and the failure of the employés and servants to properly ventilate it, the air in the car became foul and stifling, and caused the plaintiff to become suddenly sick and dizzy with violent nausea, and, in order not to vomit upon the passengers or persons in the car, plaintiff, without any knowledge or notice that the poles of the defendant were so near the side of the track, slightly extended her head out of the window in the side of the car, near the place where she was sitting, for the purpose of vomiting, and as she did so she received a severe blow on the head by her head coming in contact with one of the poles erected and maintained along the side of the track by the defendant; that by reason thereof plaintiff was rendered unconscious, and remained so for a long period of time, was severely bruised and injured in and upon her head, causing subacute meningitis, with effusion into the ventricles of the brain, accompanied by double vision, unequal pupils of the eyes, jerking of the muscles of the extremities, constant headache, sleeplessness, numbness of the extremities, and constipation, by reason whereof she was caused to suffer, and at the time the action was brought was still suffering, great physical pain and mental anguish, and was unable to perform her usual duties. She further alleges that she was seriously and permanently injured, and prayed that she be allowed damages in the sum of $10,000.

To this petition the defendant answered, first, by a general denial, and, for a second and further defense, alleged that, if the plaintiff received any injury at the hands of the defendant, she so carelessly and negligently conducted and demeaned herself at the time of the

accident as to cause or directly contribute to any injury she may have received.

When the case was first called for trial in the circuit court, at the conclusion of the statement made by counsel for plaintiff, counsel for defendant moved for a judgment upon the statement, which application was overruled, and the case subsequently came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendant filed a demurrer to the evidence, which, after argument, was sustained by the court, and a judgment was thereupon entered in favor of the defendant. The plaintiff duly excepted to the ruling of the court upon the demurrer to the evidence, and sued out this writ of error to reverse the judgment entered in favor of the defendant.

The evidence set out in the record establishes the following facts: That the trolley wires that carry the current were suspended on cross-arms or brackets on perpendicular poles erected on the elevated structure upon which the tracks were laid; that the distance between these poles and the side of a passing car would vary from six to ten inches; that the seats in the car in which the plaintiff was a passenger ran lengthwise of the car, and were located along the sides of the car, with the back of the seat against the side of the car; that the plaintiff was sitting with her back to a window on the side of the car where she was seated, and facing the opposite side of the car; that the window was down, the upper end of the sash extending about two inches above the back of the seat; that extending across the windows on the outside of the car, and securely fastened to the car, were iron screens covering the windows up from the window sills for a distance of from 14 to 16 inches, leaving an open space of something like 14 inches between the top of the screen and the top of the car window; that the meshes in these screens were about three-quarters of an inch square; that the screens placed across the windows of the car were such that would effectually prevent passengers from being injured by any involuntary action on their part; and that in order to put her head outside of the car window, over this screen, plaintiff would necessarily have to arise from her seat, turn about, and either stand or kneel upon the seat.

While a street railway company engaged in the transportation of passengers, as the defendant in this case was, is bound to exercise the highest degree of care and skill which a cautious or prudent man would exercise under the circumstances for the protection of its passengers, yet it has a right to assume that passengers patronizing its cars will travel in the usual way, and occupy the seats provided for that purpose, or, if the car is crowded, those standing will occupy the open space, or aisle, in the center of the car between the seats, and in either case the screens upon the windows of the car in which the plaintiff was injured, were entirely sufficient to protect passengers from any involuntary action on their part, such as might be caused by a lurching or swaying of the car while the car was in motion. In other words, we think that the company was not required to anticipate that the plaintiff might become ill

and attempt to put her head out of the window, when it would be impossible for her to do so without turning about and either kneeling or standing upon the seat. But it is insisted by counsel for plaintiff in error that because Judge Hook, when the case was first called for trial, declined to sustain a motion for judgment upon the statement of counsel, and that Judge Pollock, upon the trial of the case, decided that the plaintiff's evidence did not authorize a recovery, demonstrates that the case is one where reasonable men may fairly arrive at different conclusions; therefore the case should have been submitted to a jury. The record does not contain the statement made by counsel when the case was before Judge Hook, and it may be, as is generally the case, that in the statement of the case the facts were not as fully disclosed as they were by the evidence when the case was before Judge Pollock.

While the question of negligence and contributory negligence are ordinarily questions of fact to be passed upon by a jury, yet if it clearly appears from the undisputed facts, judged in the light of that common knowledge and experience of which courts are bound to take notice, that a party has not exercised such care as men of common prudence usually exercise in positions of like exposure and danger, or where the evidence is of such conclusive character that the court would be compelled to set aside a verdict returned in opposition to it, it may withdraw the case from the consideration of a jury. Railroad Company v. Husen, 95 U. S. 465, 24 L. Ed. 527; Schofield v. Chicago, Milwaukee & St. Paul R. R. Co., 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224, and cases there cited; Northern Pacific Railway Co. v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014; N. W. Rd. Co. v. Davis, 53 Fed. 61, 3 C. C. A. 429; Missouri Pacific Ry. Co. v. Moseley, 57 Fed. 921, 6 C. C. A. 641, and cases cited. In North Penn. Railroad v. Commercial Bank, 123 U. S., 727, 8 Sup. Ct. 266, 31 L. Ed. 287, the Supreme Court said: "It would be an idle proceeding to submit the evidence to the jury when they could justly find only in one way."

While the plaintiff's sudden illness undoubtedly placed her in a very uncomfortable and distressing position, yet that fact would not authorize her to disregard unmistakable warnings of danger. She must have known that the heavy screens which barred the windows were placed there for no other purpose than to prevent passengers from extending their arms or heads out of the windows, as the meshes in the screen were too large to serve any other purpose. To disregard this plain warning was, we think, such contributory negligence upon her part as will necessarily preclude a recovery in this case.

The judgment of the Circuit Court is affirmed.