# CAPITAL TRACTION COMPANY *v.* COPLAND.

EVIDENCE; CARRIERS; NEGLIGENCE; TRIAL; INSTRUCTIONS TO JURY;
CHARGE TO JURY; APPEAL AND ERROR.

1. In an action to recover damages for personal injuries to the plaintiff while a passenger of the defendant, a street railway company, by having his hand struck by a trolley pole located a few inches from the car as he made a gesture which carried his hand through the car window which was open, evidence of similar accidents caused by other poles located in proximity to the one in question is admissible for the purpose of showing that the company had notice that its poles were so near its passing cars as to endanger the safety of passengers.

2. Where in an action for damages for personal injuries against a street railway company by one who was a passenger of the defendant when injured, the declaration in another action is admitted for the sole purpose of showing notice to the defendant of the dangerous proximity of trolley poles to its passing cars, the entire record in that action is not admissible on the offer of the defendant for the purpose of showing that there was a verdict for the defendant.

3. Whether iron bars, 3 inches apart, guarding the open windows of an electric railway car, give a warning to a passenger to keep all portions of his body within the car, and, if they do, whether the warning is sufficient, are questions of fact, and not questions of law, in an action against the railway company by one, who, while a passenger, made a gesture and in doing so extended his hand through a window opening so guarded and was injured by being struck by a trolley pole. (Distinguishing *Chapman* v. *Capital Traction Co.* 37 App. D. C. 479.)

4. Common carriers of passengers are bound to exercise extraordinary vigilance for the purpose of protecting their passengers against injury resulting from defects in ways and instrumentalities used by them.

5. Where in a personal injury action against an electric railway company, one of the issues is as to whether the company was negligent

NOTE.—Authorities discussing the question as to whether or not it is negligence for a passenger on street car to permit his arm to project beyond the side of the car, are collated in a note in 5 L.R.A. (N.S.) 274, and supplemented by a note in 50 L.R.A. (N.S.) 47.

in maintaining its trolley poles so near passing cars as to endanger the safety of passengers in the cars, evidence is admissible regarding the swaying of the cars as they pass the poles.

6. The fact that its trolley poles were located with the approval of the municipal authorities, does not relieve a street railway company of the charge of negligence, in an action to recover for personal injury to the plaintiff whose hand was injured by reason of the close proximity of one of the poles to the car in which he was a passenger.

7. It is not error for the trial court to fail to instruct the jury in a personal injury action upon the subject of the burden of proof as to negligence and contributory negligence, where no prayer for instruction on the subject, correct in point of law and applicable to the facts, is asked.

8. It is not error for the trial court to refuse a prayer for instruction asked by the defendant in an action against a street railway company in which the plaintiff claims he was injured by his hand coming in contact with one of the defendant's trolley poles while he was a passenger in a car of the defendant and while he was sitting near an open window, to the effect that in order to find for the plaintiff the jury must find that the pole "unnecessarily and negligently imperiled the safety of passengers."

9. It is not the duty of the trial court to remodel a prayer for instruction.

10. A charge to the jury to the effect that the jury must not presume, but must determine from the evidence, that the defendant was negligent, in order to find against him, is equivalent to a refused prayer for instruction asked by the defendant to the effect that no presumption of negligence on the part of the defendant arises in the case from the mere happening of the accident.

11. A prayer for instruction partly erroneous is properly refused.

12. In an action against a street railway company for injuries received by the plaintiff who, while a passenger on one of the defendant's cars, extended his arm through the bars which guarded an open window and received an injury to his hand, which was struck by a trolley pole, a charge to the jury which, after reciting that the plaintiff testified he had almost involuntarily thrown his hand outward, and that the conductor had testified that the plaintiff told him he had put his hand out of the window to call the attention of his companion to some work he had previously done in that vicinity, stated that whichever way the jury might find the fact to be, they would have to consider the question whether what the plaintiff did was the act of a reasonably careful and prudent man in the circumstances, cannot be properly construed as giving the jury to

understand that the plaintiff would not be chargeable with negligence unless he knowingly and intentionally protruded his hand beyond the window bars.

No. 3041.   Submitted November 6, 1917.   Decided December 3, 1917.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for personal injuries.   *Affirmed.*

The facts are stated in the opinion.

*Mr. G. Thomas Dunlop,* for the appellant, in his brief cited:

*Alcott* v. *Public Service Corp.* — N. J. —, 32 L.R.A.(N.S.) 1101; *Aldridge* v. *Pelham,* 1 Gray, 510; *Aurora* v. *Brown,* 12 Ill. App. 122; *Baltimore & O. R. Co.* v. *Miller,* 37 App. D. C. 218; *Brady* v. *Manhattan R. Co.* 127 N. Y. 46, 27 N. E. 368; *Branch* v. *Libbey,* 78 Me. 321, 57 Am. Rep. 810, 5 Atl. 71; *Bremner* v. *New Castle,* 83 Me. 415; *Chapman* v. *Capital Traction Co.* 37 App. D. C. 479; *Christensen* v. *Metropolitan Street R.* 70 C. C. A. 657, 137 Fed. 708; *Cohn* v. *New York C. & H. R. R. Co.* 6 App. Div. 196, 39 N. Y. Supp. 986; *Collins* v. *Dorchester,* 6 Cush. 396; *Crocker* v. *McGregor,* 76 Me. 282; *Davis* v. *Oregon & C. R. Co.* 8 Or. 172; *Dean* v. *Murphy,* 169 Mass. 413; *Diamond Rubber Co.* v. *Harryman,* — Cal. —, 15 L.R.A.(N.S.) 775, 92 Pac. 922; *Dye* v. *Delaware, L. & W. R. Co.* 130 N. Y. 671; *Elliott* v. *B. H. R. R. Co.* 127 App. Div. 300; *Favre* v. *Louisville & N. R. Co.* 91 Ky. 541; *Gillrie* v. *Lockport,* 122 N. Y. 403, 25 N. E. 357; *Goble* v. *Kansas City,* 148 Mo. 475; *Grebenstein* v. *Stone & W. Engineering Corp.* 205 Mass. 431; *Harbison* v. *Metropolitan R. Co.* 9 D. C. App. 60, 438; *Harding* v. *Philadelphia R. T. Co.* 217 Pa. 69; *Hinckley* v. *Barnstable,* 109 Mass. 126; *Hodges* v. *Bearse,* 129 Ill. 87, 21 N. E. 613; *Hubbard* v. *Androscoggin & K. R. Co.* 39 Me. 506, 32 L.R.A.(N.S.) 1114; *Hudson* v. *Chicago & N. W. R. Co.* 59 Iowa, 581, 44 Am. Rep. 692, 13 N. W. 735; *Jacques* v. *Bridgeport Horse R. Co.* 41 Conn. 61; *Kidder* v. *Dunstable,* 11 Gray, 342; *Kird* v. *New Orleans & N. W. R. Co.* 105 La. 226;

*Kolb* v. *Chicago Stamping Co.* 33 Ill. App. 488; *Langhammer* v. *Manchester*, 99 Iowa, 295; *Malakia* v. *R. I. Co.* 36 R. I. 119; *Menard* v. *Boston & M. R. Co.* 150 Mass. 386; *Moore* v. *Richmond*, 85 Va. 538; *Overcash* v. *Charlotte Electric R. Light & P. Co.* 144 N. C. 572; *Pell* v. *Joliet P. & A. R. Co.* 238 Ill. 510, 87 N. E. 542; *Phillips* v. *Willow*, 70 Wis. 6, 5 Am. St. Rep. 114, 34 N. W. 731; *Pittsburgh & C. R. Co.* v. *Andrew*, 39 Md. 329; *Pomfrey* v. *Saratoga Springs*, 104 N. Y. 459; *Potter* v. *Care*, 123 Iowa, 90; *Ramsey* v. *Rushville & M. G. R. Co.* 81 Ind. 394; *Roche* v. *Llewellyn I. W. Co.* 140 Cal. 563; *R. R.* v. *McClurg*, 56 Pa. 294; *Scala* v. *Washington R. & E. Co.*; *Smart* v. *Kansas City*, 91 Mo. App. 591; *Temperance Hall Asso.* v. *Giles*, 33 N. J. L. 260; *Terminal Co.* v. *Hancock*, 75 Ohio St. 88, 6 L.R.A.(N.S.) 997; *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436.

*Mr. Charles H. Merillat*, *Mr. Crandal Mackey*, and *Mr. Isaac R. Hitt*, for the appellee, in their brief cited:

*Bachmeyer* v. *Mut. Reserve Asso.* 87 Wis. 325; *Bowden* v. *Achor*, 95 Ga. 243; *Chapman* v. *Capital Traction Co.* 37 App. D. C. 479; *Chapman* v. *Washington, A. & Mt. V. R. Co.* 26 App. D. C. 481; *Chicago G. W. R. Co.* v. *McDonough*, 161 Fed. 667; *City & Suburban R. Co.* v. *Svedborg*, 20 App. D. C. 543; *Chabert* v. *Russell*, 109 Mich. 571; *Chicago R. Co.* v. *Kramer*, 234 Fed. 250; *Dahlberg* v. *Minneapolis Street R. Co.* 32 Minn. 404; *Dulligan* v. *Asphalt Co.* 201 Mass. 227; 3 Enc. Sup. Ct. Rep. 587; *Gleason* v. *Va. Midland R. Co.* 140 U. S. 443; *Georgetown & T. R. Co.* v. *Smith*, 25 App. D. C. 259; *Hoyt* v. *New York, L. E. & W. R. Co.* 118 N. Y. 405; *Houghton* v. *R. Co.* 1 Cal. App. 578; *Home Ben. Asso.* v. *Sargent*, 142 U. S. 691; *Jones* v. *United Electric R. Co.* 99 Md. 64; *Kent* v. *Lincoln*, 32 Vt. 597; *La Barge* v. *Union Electric Co.* 138 Iowa, 691; *L. & N. R. Co.* v. *Hall*, 87 Ala. 708; *Lee Line* v. *Robinson*, 134 C. C. A. 287; *Missouri P. R. Co.* v. *Cullers*, 13 L.R.A. 542; *Morse* v. *R. Co.* 30 Minn. 465, 471; *Plattsmouth* v. *Boeck*, 32 Neb. 297; *Rolfe* v. *Rich*, 149 Ill. 436; *Rogers* v. *Leyden*, 127 Ind. 55; *Shay* v. *Camden R. Co.* 66 N. J. 335; *Swan-*

*mers* v. *Crescent City R. Co.* 34 La. Ann. 139; *Sias* v. *Rochester R. Co.* 169 N. Y. 118; *Sweeney* v. *Ewing,* 228 U. S. 233; *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 365; *Wilmott* v. *Corrigan R. Co.* 106 Mo. 535; 1 Whart. Ev. §§ 40, 41.

Mr. Chief Justice SMYTH delivered the opinion of the court:

The appellant, Capital Traction Company, defendant below, complains of a judgment rendered against it in an action bottomed on negligence resulting in an injury to the appellee, Henry F. Copland, one of its passengers, while he was riding on one of appellant's cars along Calvert street, near the westerly end of the Rock creek bridge in this city. During a conversation with a fellow passenger, the plaintiff inadvertently made a gesture which carried his hand through the bars of an open window at his elbow and into contact with the collar of a pole standing near the track. The collar was 3 or 3½ inches from the car. He averred that under the circumstances the defendant was negligent in maintaining the pole so near to its passing cars without taking proper precautions to protect passengers against injury from it; while, on the other hand, the street car company claimed that it was not negligent and that plaintiff was guilty of contributory negligence.

The first point raised by the appellant is that the court erred in admitting over its objection certain testimony with respect to prior accidents. These accidents resulted from the hands or arms of passengers coming into contact with poles located similarly to the one which injured plaintiff. This testimony was received for the sole purpose of bringing home to the company notice that there were poles so near its passing cars as to endanger the safety of passengers. The pole that caused one of the accidents was next to the one which injured plaintiff, while the pole producing the other accident was about three blocks away. In each case the pole stood about the same distance from the cars. Appellant had knowledge of these accidents, suit having been brought against it by one of the injured parties. We think the evidence was competent. The supreme court of Minnesota said of testimony like this: "It was, of course, not com-

petent for the purpose of showing independent acts of negligence, but on principle it is clearly admissible when it tends to show that the common cause of these accidents is a dangerous or unsafe thing   *   *   *.   Upon any issue as to the condition or safety of any work of human construction designed for practical use, evidence showing how it has served when put to the use for which it was designed would seem to bear directly upon the issue." (*Morse* v. *Minneapolis & St. L. R. Co.* 30 Minn. 471, 16 N. W. 358.) Wharton in his work on Evidence, vol. 1, secs. 40, 41, declares: "But when a party is charged with the negligent use of a specific agent and when the case against him is that he did not use care proportionate to the danger, then the question becomes material whether he knew or ought to have known of the extent of the danger. On such an issue as this it is relevant for the party aggrieved to put in evidence all disconnected acts of which it was the duty of the defendant to have been cognizant, and which, if he were cognizant of them, would have advised him of the extent of the danger, and would have made it his duty to take precautions which would, if faithfully applied, have prevented the injury sued for." In *Chicago G. W. R. Co.* v. *McDonough,* 88 C. C. A. 517, 161 Fed. 667, which arose out of an explosion in June, 1904, evidence was received of three prior similar explosions, one in 1900, another in 1901, and another in 1903. With respect to this testimony, Judge Van Devanter, now of the Supreme Court of the United States, who spoke for the court, observed: "It was admitted as tending to show some notice to the defendant of the probable length of time that the tubes or flues could be used with reasonable safety, in the conditions surrounding their use in that boiler, and as bearing upon the precaution which in the exercise of reasonable or ordinary care should have been taken thereafter *   *   *." (See also *District of Columbia* v. *Armes,* 107 U. S. 519, 524, 27 L. ed. 618-620, 2 Sup. Ct. Rep. 840; *Chicago & N. W. R. Co.* v. *Netolicky,* 14 C. C. A. 615, 32 U. S. App. 168, 406, 67 Fed. 665; *Hoyt* v. *New York, L. E. & W. R. Co.* 118 N. Y. 339-405, 23 N. E. 565; *Kent* v. *Lincoln,* 32 Vt. 591-597.) Under the doctrine of these cases the testimony with respect to the prior accidents was properly admitted.

Nor is there anything in the cases cited by the appellant, when correctly understood, which conflicts with the doctrine of the foregoing authorities. Some of them say that evidence of prior accidents for the purpose of establishing negligence is not proper, because the conduct of the parties concerned in them may be quite different from that of those in the instant suit. And whether the defendant was guilty of negligence in the prior cases would require a trial, thus raising a collateral issue, which of course could not be allowed. (*Collins* v. *Dorchester,* 6 Cush. 396; *Crocker* v. *McGregor,* 76 Me. 282, 49 Am. Rep. 611; *Diamond Rubber Co.* v. *Harryman,* 41 Colo. 415, 15 L.R.A.(N.S.) 775, 92 Pac. 922.) Other cases are to the effect that the evidence was not admissible because it was not the best evidence of the thing sought to be proved. *Aldridge* v. *Pelham,* 1 Gray, 510, illustrates these. In that case it was held that where the issue was as to whether a road was too narrow to permit two wagons to pass each other at the place of the accident, evidence that two wagons had done so was not the best evidence, the width of the road being ascertainable with certainty by actual measurement. Manifestly cases of this character do not bear upon the question we are considering.

Appellant contends that, since the declaration in one of the prior accident cases was admitted as evidence in the present case, it should have been allowed to introduce the entire record in that case, since, as appellant argues, it would show that the jury in the former case had returned a verdict for the defendant, and hence that appellant was not negligent in that case; but, as we have said, the declaration was not received for the purpose of establishing negligence, but for the sole purpose of showing notice. The complete record was therefore immaterial.

The next question presented for our consideration is as to whether or not plaintiff established a cause of action. Appellant says it did not, and predicates its contention upon the theory that the evidence showed without dispute that the plaintiff was guilty of contributory negligence. It is said that the window through which plaintiff pushed his hand against the pole was guarded by iron bars 3 inches apart, and that his hand must have passed between them; that these bars warned passengers

to keep all portions of their bodies within the car; that plaintiff was bound to take notice of the warning, and, having failed to heed it, was guilty of contributory negligence as a matter of law. Mr. Hanna, Vice President, in charge of operations of the appellant company, testified that the bars were not placed "with the idea of preventing the possibility of a hand being put through them;" that a "wire net would warn and stop your hand" while "the bars would warn and let your hand go through." "They were put there," he said, "so that it would not be possible for a hand to go through the window without a warning being given to the passenger." "That," he adds, "was the theory upon which those bars were placed there." If this be correct, the warning might not become effective until the hand was on its way between the bars, and then, it might well be said, it would be too late to prevent accident. Hence whether or not the bars gave warning, and if they did, was it sufficient, presented questions of fact about which reasonable men might differ; and, this being so, it was for the jury, and not for the court, to decide. (*Moshenvel* v. *District of Columbia*, 191 U. S. 247, 48 L. ed. 170, 24 Sup. Ct. Rep. 57, 15 Am. Neg. Rep. 246.) Common carriers of passengers, like the defendant, are bound to exercise extraordinary vigilance added by the highest skill for the purpose of protecting their passengers against injury resulting from defects in ways or instrumentalities used by the carriers. (*Pennsylvania Co.* v. *Roy*, 102 U. S. 451, 26 L. ed. 141, 10 Am. Neg. Cas. 593.) They are bound to anticipate what passengers would naturally do under circumstances such as those in which the plaintiff acted. Men will gesticulate and point out an open window as they talk and ride along. This is not unusual, and whether or not the railroad company should have anticipated it and provided against it was a question for the triers of fact.

There is nothing in *Chapman* v. *Capital Traction Co.* 37 App. D. C. 479–490, which conflicts with this. In fact that case is quite in harmony with what we have said. The accident happened under circumstances in many respects like those in the present case. The plaintiff, a passenger, projected her hand through window bars having the same space between them as

those in this case. It was urged that the bars constituted a warning; and the court, at the request of the street railway company, charged the jury that it was for them to say whether the plaintiff's disregard of the warning was sufficient to charge her with contributory negligence. But it is said that the instruction in that case, afterwards approved by this court, contained this language: "The presence of the said bars in the said place was a warning to the plaintiff that it was dangerous for her to project any part of her body beyond the said bars," and that that is authority for the argument now made that the jury should have been told as a matter of law that plaintiff's disregard of the warning constituted contributory negligence and defeated his right to recover. In the first place it should be noticed that the excerpt quoted does not say that her disregard of the warning was negligence, but merely that the presence of the bars advised her that it was dangerous to project her body beyond them. In commenting upon this Mr. Chief Justice Shepard said: "While it would seem that window rods of the kind in this case would ordinarily serve no other good purpose than that of preventing the extrusion of the head or body of a passenger, and therefore contain a notice or warning of probable danger in the extension of an arm or hand through the openings between or above the same, yet whether this be the fact is, in our opinion, a question for the determination of the jury, and not the court, in finding whether there was negligence on the part of either carrier or passenger." Referring directly to the instruction and answering the attack made upon it, he said: "The general purpose of the instruction was to submit the question of contributory negligence to the jury, and the test given was whether ordinarily prudent persons, under similar circumstances, would have done what she did." Under this authority, in which we fully concur, the court below was right in refusing to charge as matter of law that the plaintiff was guilty of contributory negligence in the respect claimed.

Much reliance is placed by the appellant upon the case of *Christensen* v. *Metropolitan Street R. Co.* 70 C. C. A. 657, 137 Fed. 708, 18 Am. Neg. Rep. 690, but the facts therein are quite different from those in this case. There a screen with meshes

about ¾ of an inch square, and covering the window from the sills upwards for a distance of 14 to 16 inches, was fastened securely to the outside of the window. Above the screen was an opening something like 14 inches. Passengers sat with their backs to the windows. The injured person, in order that she might put her head outside, had to arise from her seat, turn about, and either stand or kneel on the seat. It was held "that the company was not required to anticipate that plaintiff might become ill and attempt to put her head out of the window, when it would be impossible for her to do so without turning about and either kneeling or standing on the seat." A rule of law apposite to those facts could not properly be applied to the facts in the case before us.

Testimony with respect to the swaying of the cars was admitted over the objection of the appellant; and it is claimed that this was improper because, as it is asserted, the testimony had no tendency to prove the negligence claimed by the declaration. We think the swaying was one of the circumstances proper to be considered by the jury in determining whether or not the company was negligent in maintaining the poles so near the car, with no protection for passengers other than that which was afforded by the bars across the window.

Appellant asked the court to charge the jury that the poles, one of which caused the accident, were placed with the approval of the Commissioners of the District of Columbia, and that, since they were, no negligence could be attributed to the defendant, and hence that a verdict should be returned against the plaintiff. This ignores entirely the question as to what care the defendant took to protect its passengers from injury by reason of the juxtaposition of the poles to the cars, and was properly refused.

No instruction was given by the court relative to the burden of proof either as to negligence or contributory negligence. This, however, was not error unless the appellant made a request correct in point of law and applicable to the facts. (*Catts v. Phalen,* 2 How. 376, 11 L. ed. 306; *Haffin v. Mason,* 15 Wall. 674, 21 L. ed. 198.) The request presented upon the subject by the appellant, if given, would have told the jury that,

before it could return a verdict for the plaintiff, it must find that the trolley pole with which plaintiff's hand came in contact "unnecessarily and negligently imperiled the safety of passengers * * *." This is not the law. The jury was not required to find, in addition to negligence, that defendant had unnecessarily imperiled the safety of plaintiff. If it can be correctly said that technically the one includes the other, then the request was confusing by making it appear, as it did, that there were two elements instead of one to be determined, and for that reason it was improper. (*Louisville & N. R. Co.* v. *Hall,* 87 Ala. 708, 4 L.R.A. 710, 13 Am. St. Rep. 84, 6 So. 277; *Chabert* v. *Russel,* 109 Mich. 571, 67 N. W. 902.) The request should not have been given as it was presented, and it was no part of the court's duty to remodel it. (2 How. 376, supra.) In this connection we may remark that the failure of the court to charge with respect to the burden of proof was undoubtedly an oversight, and would have been promptly corrected if appellant had specifically directed the judge's attention to it at the close of his charge.

It is also claimed that the court erred in failing to tell the jury at the request of the defendant "that no presumption of negligence on the part of the defendant arises in the case at bar from the mere happening of the accident in question." We think the equivalent of this instruction was given by the court when it charged the jury that whether or not there was negligence on the part of the defendant was "a question of fact for you. It is for you, in your good judgment, to decide whether it was negligence on the part of the company to maintain the pole in that position with respect to the passing car. Of course you cannot divorce that question from the other question,—the warning. It is really one question." In other words that the jury must not presume, but must determine from the evidence, that defendant was negligent. Anyhow there could be no error in refusing to give the request as framed, because it was a part of the request concerning the burden of proof which we have just seen embodied an improper statement of the law, and hence could not be given.

Defendant requested an instruction identical with one given

in the *Chapman Case,* supra, bearing upon the question as to whether or not the window bars constituted a warning to the plaintiff, and appellant now asserts that the court erred in refusing it. The instruction in the *Chapman Case,* as interpreted by this court, asked the jury to say whether or not the presence of the bars on the window was a warning to plaintiff. The court, referring to it, observed: "Assuming that a direct instruction to the jury, that the existence of the bars was necessarily notice and warning to plaintiff, would be error, we do not find that the words quoted took the question of fact from the jury." In the present case the court submitted the same question to the jury in this language: "And then it is said that the bars served as a warning. Whether they did is a question of fact for you, and whether they were a sufficient warning is a question of fact for you." The subject, therefore, was properly covered by the court in its own instruction, and there was no vice in the refusal to give the request made by the defendant.

Finally it is urged on behalf of appellant that the court's charge gave the jury to understand that the plaintiff would not be chargeable with negligence unless he knowingly and intentionally protruded his hand beyond the bars, and that this was error. We do not so understand the charge. After stating that the plaintiff testified that "he had almost involuntarily" thrown his hands outward, and also that the conductor had testified that the plaintiff had told him that "he had put his hand out of the window to call the attention of his companion to some work he had previously done in that vicinity," the court said: "Whichever way you find the fact to be, then you will have to consider the question of whether what he did was the act of a reasonably careful and prudent man in the circumstances." There was no error in this respect.

The charge of the court is clear, well arranged, and untainted with error. Upon a careful review of the whole record we are satisfied that the judgment is in harmony with law, and it is therefore affirmed, with costs. *Affirmed.*