# ATCHISON *v.* WILLS.

---

PLEADING AND PRACTICE; VARIANCE; NEGLIGENCE; EVIDENCE.

1. Proof by the plaintiff of ordinary negligence on the part of the defendant, or want of sufficient care to avoid the accident, will support a declaration in an action to recover damages for personal injuries, charging gross and wanton negligence; there being, in law, no degrees of negligence, and "gross" being a word of description and not of definition.

2. The burden of proving contributory negligence being upon the defendant, it is unnecessary for the plaintiff to allege or prove due

care on his part; and where a declaration alleges that the plaintiff was in the exercise of due care, the natural instinct of preservation will stand in the place of positive evidence to support the allegation, until the defendant's evidence or the plaintiff's own evidence, overcomes this presumption.

3. In an action to recover damages for injuries resulting from the plaintiff's falling through a trap-door, left open by an employee of the defendant, a plumber, while working on the premises, and without notice to the plaintiff, the trap-door being in the floor of a porch outside the plaintiff's bedroom, the admission of testimony by the plaintiff's son that it was his custom to warn the family when the trap-door was to be opened, is not prejudicial to the defendant and not error, especially where the plaintiff testifies positively that she did not know and had no reason to suppose that the trap-door was open.

4. Allegations of a declaration in an action to recover damages for personal injuries, that the plaintiff sustained certain serious and permanent injuries, to wit, a fracture of the right arm near the shoulder, and several other serious bruises, etc., are supported by proof that the arm was fractured just below the shoulder-joint and that the effect of the injury extended to and affected the joint and produced restriction thereof.

No. 1277. Submitted March 18, 1903. Decided April 7, 1903.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon verdict, in an action to recover damages for personal injuries.

*Affirmed.*

The COURT in the opinion stated the case as follows:

This action was brought by the appellee Barbara Wills against the appellant Julius I. Atchison to recover damages for personal injuries sustained by what is alleged to have been the gross and wanton negligence of one of the employees of the appellant.

The declaration alleges that the defendant, being by trade a plumber, and carrying on the business of that trade, while engaged in the work of such trade and business in and about the house and premises in which the plaintiff resided, where there was a rear door to one of the bed rooms on the ground

floor of said house, opening upon a porch and directly in front of which door, in the floor of said porch, was a trap-door and stairway leading to an excavation under said premises; and that prior to the happening of the accident causing the injuries complained of, such trap-door remained continuously closed; that it was the duty of the defendant, his servants and employees, while in and upon said premises, to carefully conduct themselves and to do no act which would endanger the life or limb of the plaintiff or other occupants of the house and premises; "but the defendant unmindful of his duty, etc., did at the time and in the manner aforesaid, by his servants and employees, enter into and upon said house and premises, and entered said excavation thereunder by means of and through said trap-door, and carelessly and negligently left said trap-door open; that at the time aforesaid the said plaintiff was engaged in her household duties in said rear room, and who had no notice whatever of the presence on the premises of said defendant, or of his servants or employees, or of the opening of said trap-door, found it necessary to leave said room through the rear door thereof, which opened upon said porch, in the floor of which, and directly in front of said rear room door, and within about two feet of which the said trap-door was located; and while so entering upon said porch, *and without any carelessness or negligence on her part,* she fell through the open space which said defendant, by his servants and employees, had carelessly and negligently left exposed, by reason of the opening of the said trap-door; that by reason of said fall, the plaintiff sustained painful, serious, and permanent injuries, to wit, a fracture of her right arm near the shoulder, and severe and painful bruises about her left knee, right eye and head: that in consequence of said injuries the plaintiff has suffered, and still suffers, great pain of body and mind,  *  *  *
And the plaintiff avers that the injuries sustained by her were caused *by the gross and wanton negligence* of the defendant's servant and employee in failing to give any warning or notice of the fact that he had entered said premises and

opened said trap-door and left the same open, and carelessly allowed the same to remain open."

We have thus stated the cause of action, as alleged in the declaration, with fullness, because some of the questions raised in the course of the trial were founded upon supposed variance between the allegations and the proof.

The defendant pleaded the general issue plea of not guilty; and upon the proof, after full instructions by the court, the jury found in favor of the plaintiff, and judgment was entered thereon, after overruling a motion for new trial. The defendant has appealed.

[During the trial, Benjamin F. Wills, a son of the plaintiff and a witness in her behalf, was asked the question, "What if any notice was accustomed to be given to the members of the household of the trap-door being open on the occasions when it was open?" The defendant's counsel objected to the question on the ground that the evidence sought to be elicited was irrelevant, and the objection being overruled, reserved an exception. The witness thereupon answered: "I never opened the trap unless I notified the household that it was open, in case of their going out unawares and falling in it."

The following prayers for instruction were granted on behalf of the plaintiff over the objection of the defendant, who duly reserved exceptions to the action of the court in giving them:

"2. If the jury believe from a preponderance of all the evidence in the case, that the trap-door in question was opened and left open by the defendant's servant and employee and still remained open at the time of the injury sustained by the plaintiff in this case, and if they further believe from the evidence that plaintiff at the time mentioned, had no knowledge of the fact that said trap-door was open and had received no previous warning and had no reasonable expectation or apprehension that said trap-door was open at the time of the injury and that the plaintiff, while in the exercise of reasonable care and diligence, fell through said trap-

door opening, and that the defendant's employee was guilty of negligence, which caused the injury to the plaintiff, then their verdict should be for the plaintiff.

" 3. If the jury believe from a preponderance of all the evidence that the defendant by his servant and employee entered in and upon the premises occupied by this plaintiff at the time of the injury complained of and without notice or warning of his presence, on said premises and of his intention to enter said excavation and opened the trap-door of said excavation, and entered said excavation carelessly and negligently leaving said trap-door open and that as a result thereof the plaintiff while in the exercise of reasonable care and diligence fell through said opening and was injured, then their verdict should be for the plaintiff.

" 4. The jury are instructed that the burden of proving that plaintiff was guilty of contributory negligence is upon the defendant, and in the absence of proof to the contrary, the law presumes that plaintiff was exercising reasonable and proper care and caution at the time she was injured. Contributory negligence in order to avail as a defense must be established by a preponderance of the testimony. But in determining whether the plaintiff was guilty of negligence which contributed directly to her injury, the jury will consider the evidence of the plaintiff as well as the defendant.

" 5. If the jury find for the plaintiff they are to consider in estimating the damages the injuries to the plaintiff and the damages resulting therefrom to her. They are to take into consideration the sufferings, including bodily pain in consequence of such injuries, and also the mental pain and suffering attendant upon and the natural incident of such bodily suffering, the character and extent of her physical disabilities and whether the injury is permanent or otherwise and they should award such damages within the limits of the sum claimed in the declaration as will fairly and reasonably compensate the plaintiff for the personal injuries suffered by her."

The court refused the following prayers asked by the defendant, and the defendant excepted:

" 1. The jury are instructed upon all the evidence in this

cause, that the plaintiff is not entitled to recover and that their verdict should be for the defendant, which instructions the court refused to give.

" 2. The jury are instructed that under the pleadings in this cause, it is incumbent upon the plaintiff in order to recover, to establish by a fair preponderance of all the evidence, that the defendant was guilty of gross and wanton negligence in performing the work in which he was engaged when the plaintiff was injured if the jury find such injury, and if the jury find that the plaintiff has failed to establish by such preponderance of proof the facts hereinbefore set forth in this instruction, then their verdict should be for the defendant.

" 3. The jury are instructed that under the pleadings it is incumbent upon the plaintiff to establish by a fair preponderance of the evidence that she exercised due care in approaching the opening in the porch, and if the jury find that the plaintiff has failed to establish this fact by such preponderance of the proof, then their verdict should be for the defendant."

The following prayers for the defendant were granted:

" 4. The jury are instructed that if they find from a preponderance of all the evidence in the cause that the plaintiff failed to exercise reasonable care in approaching the opening in the porch of the premises in which she resided, and that such failure on her part contributed directly to the occurrence of the accident and her injury, then their verdict should be for the defendant.

" 5. The jury are instructed that in this action the burden is upon the plaintiff to establish by a fair preponderance of all the testimony, all the facts which under the instructions of the court, it is necessary for her to establish in order to entitle her to recover, and if the jury shall find that the plaintiff has failed in any material matter to so establish the fact or facts, then their verdict should be for the defendant."

The charge of the court to the jury was as follows:

" Gentlemen of the jury: In the case of Barbara Wills against Julius I. Atchison, which has been on trial before you in this court for several days, it is necessary for the court to

give you in charge your duties so far as the law is concerned, and in the first place, in order to understand exactly your duty, it is necessary that you should have well in mind what this case is, and it is better presented to you, perhaps, by a careful reading of the material parts of the declaration which has been filed by the plaintiff in this case. It is as follows:" Here the court read the declaration, and then proceeded:

" To this defendant has interposed a plea of not guilty which makes it necessary for the plaintiff, before she can claim any verdict in her favor at your hands, to prove substantially the averment of this declaration by a preponderance of the testimony. There is another question to be noted, which I will bring to your notice before I close my charge. You must be satisfied, gentlemen of the jury, of the principal facts, the material facts, that are charged in this declaration, to wit, that the defendant's servant entered these premises without the knowledge of the plaintiff, and opened a trap-door which was not customarily used for any purpose in connection with the household affairs, and that the plaintiff, having no knowledge of the presence of the defendant, without any warning that he was present and had opened this door, in the course of her usual business and occupation, entered this porch where this trap-door was, and stepped into it — that it was open and she stepped into it — that it had been opened by the servant of the defendant. You must be satisfied from the circumstances and facts which are produced in evidence here in relation to this occurrence, that the defendant, in committing these acts, of opening the door and leaving it open, under the circumstances acted carelessly and did not observe ordinary care and prudence with reference to the safety of the plaintiff and others who might be liable to be injured by its being left in that condition.

"And you must be satisfied, gentlemen, that the plaintiff herself was not guilty of negligence which directly contributed to her injury, to the injury which she received on that occasion.

" It is for the plaintiff to prove that the defendant was negligent, or rather the defendant's servant was negligent,

and that in consequence he did not observe ordinary care and prudence in the matters which I have brought to your attention — it is for the plaintiff to prove that fact, the negligence of the defendant which contributed directly, or which directly caused, the injury to the plaintiff.

" If the proof shall show, in your judgment, that the defendant's servant was negligent, it is, however, incumbent upon the defendant to prove that the plaintiff was also negligent, and that her negligence contributed directly to the result — to her injury — of which she complains. If you shall be satisfied that the defendant's servant was negligent, and that his negligence contributed to cause, in part at least, the injuries which the plaintiff received on that occasion, yet if you are also convinced that the plaintiff was also negligent in regard to her own safety and did not observe ordinary care and prudence in her conduct, by reason of which she was injured it will be your duty to return a verdict for the defendant; because if both parties are negligent, both the plaintiff and the defendant are negligent, the law will not undertake to apportion damages, nor to allow a jury to attempt to apportion damages, imposing a part upon the defendants, and a part upon the plaintiff, who has been injured, and in such case the verdict must be for the defendant.

" You must, then, be satisfied, gentlemen, before you can return a verdict for the plaintiff, that the defendant was guilty of negligence, of not exercising ordinary care and prudence in the premises, and you must also be satisfied that it was not the plaintiff's fault, that is that her want of care and diligence upon her own part with reference to her own safety was not such as ordinary persons, persons of ordinary care and prudence, would have observed, and that therefore she was not guilty of contributing to her own injury; for, as I have said, if you are satisfied of that fact, you must return a verdict for the defendant.

" But if you shall find that the defendant has been guilty of negligence, through his employee or servant, in not exercising ordinary care and prudence, and that the plaintiff has not been guilty of any want of prudence — if under the cir-

cumstances any person of ordinary care and prudence would not have done differently from what she did do — it would be your duty to return a verdict for the plaintiff for whatever damages, in your judgment, plaintiff has suffered.

"Some special instructions will be given you upon that subject further along. Some prayers have been offered on behalf of the plaintiff, which the court has sanctioned, and will give to you in charge."

Here the court read the plaintiff's prayers and those of the defendant which had been granted. With reference to the defendant's fifth prayer the court said:

"You will understand, gentlemen, that the facts referred to here in this instruction relate to the facts which the court has advised you it is necessary for the plaintiff to establish before she can recover a verdict at your hands, and the import of this instruction is that if the plaintiff has failed to establish any one of these material facts by a preponderance of the evidence, the defendant is entitled to a verdict."

In explanation of plaintiff's fifth prayer the court further instructed the jury as follows:

"If the jury find for the plaintiff, that is upon the several matters which I have called to your attention, and which I have told you the plaintiff must prove by a preponderance of the evidence — if you find for the plaintiff upon these contested matters — then it will be your duty to consider what the amount of your verdict shall be, and you may consider her bodily suffering and pain, and also her mental pain resulting from her physical injuries, and determine from those matters — from the consideration of those matters as they are presented by the testimony — the amount which in your judgment she ought to recover as damages.

"I believe, gentlemen of the jury, that there has been no evidence offered of any injury occasioned to plaintiff by the expenditure of money for sustenance or physician's bills or medicine or anything of that kind, and of course you can render no verdict for those causes.

"There is also another matter to which it is proper I should call your attention. Something has been said here in the

course of the testimony by counsel, perhaps, and possibly some expression from the witnesses, that plaintiff was accustomed to do her son's housework, to be his housekeeper, and that since the time of her injury she has not been able to perform that duty, and that she has been unable to labor otherwise as she was accustomed to do before her injury. It is perhaps proper enough that that should be mentioned for the purpose of showing what her condition has been, the extent of her injury, how it has affected her bodily or mentally since the time of the injury, but it is not proper to be an item of pecuniary indemnity to the plaintiff on account of this injury, that her son has lost her services, the services which he was accustomed to have; damages for any injury that may have resulted to her son or to anybody else besides herself, by reason of her having received these injuries, cannot be awarded. It is only such damages as are set forth in the prayer of the plaintiff which I have read to you and given to you as the law governing the case, so far as damages are concerned. That is, as I will remind you, that they must be confined exclusively — if your verdict is for the plaintiff, when you reach the question of damages if you reach that at all — if you shall find for the plaintiff you are to take into consideration the sufferings, including bodily pain in consequence of such injuries, and also the mental suffering and pain attendant upon and the natural incidents of, such bodily suffering, the character and extent of her physical disabilities, and whether the injury is permanent or otherwise; and you should award such damages, within the limits of the sum claimed in the declaration, as will fairly and reasonably compensate the plaintiff for the personal injuries suffered by her; that is, the bodily and mental sufferings of the plaintiff occasioned by this injury."

Counsel for the defendant here said: "Now I ask your honor to say to the jury in your own language that if they find from a preponderance of the evidence that Mr. Wills the son knew of the presence of the workman upon the premises, and of his entering in and upon the trap-door, they are to

consider that knowledge of the son in reaching their conclusion upon the question of the negligence of the defendant's servant in opening the trap-door, and that that is to be considered whether they find that Mrs. Wills knew of it or not."

To which the court replied: " Yes, provided — they must find, however, in order to affect the plaintiff with the knowledge of the son, that the son had notice of the fact that the party had entered and left the trap-door open and unguarded."

Thereupon counsel for the defendant objected to the following portion of the charge by the court, to wit:

" You must then be satisfied, gentlemen, before you can return your verdict for the plaintiff, that the defendant was guilty of negligence, of not exercising ordinary care and prudence in the premises."

But the court overruled the objection, to which ruling counsel for the defendant excepted.

The jury returned a verdict for the plaintiff for sixteen hundred dollars.— Reporter.]

*Mr. John Ridout* and *Mr. Bates Warren* for the appellant:

1. Inasmuch as the declaration alleges that the appellee's injuries were occasioned by the " *gross and wanton negligence* of the appellant's servant in failing to give any warning or notice of the fact that he had entered the premises and opened the trap-door and left the same open, and carelessly allowed said trap-door to remain open," it was incumbent upon the appellee to prove the case as alleged and proof of merely ordinary negligence was a fatal variance. It can readily be seen that a defendant preparing to meet a charge of " gross and wanton negligence " is most grievously surprised to be held liable at the trial under proof and instructions which predicate liability of merely *ordinary negligence.*

The rule, firmly imbedded in the judicial system of this country, that the *allegata* must correspond with the *probata,* is founded in natural justice and so elementary that citation of authority is really unnecessary, but the following cases are

cited because they so very clearly and forcibly sustain our contention. *Steam Navigation Co.* v. *Dandridge,* 8 Gill & J. 194; *Pierce* v. *Davis,* 53 U. S. App. 291; *Louisville & N. RR. Co.* v. *Hurt,* 101 Ala. 34; *Lewin* v. *Memphis, etc., RR. Co.* v. *Overton,* 117 Ind. 253; *Montgomery* v. *Muskegon Co.,* 88 Mich. 634; *Brenstein* v. *Mattson,* 10 Daly (N. Y.) 336; *Kinsman* v. *State,* 77 Ind. 132; *Hoke* v. *Wood,* 26 Md. 453; *Norris* v. *Graham,* 33 Md. 56; *Smith* v. *Crichton,* 33 Md. 103; *Philips* v. *Smoot,* 1 Mackey, 478; *Arrick* v. *Fry,* 8 App. Dec. 125.

In the case first cited will be found a statement by Chief Judge Dorsey of the law of variance which, like all his opinions, is most instructive. The other cases cited, especially the Alabama, Indiana, and Michigan cases, correspond almost exactly with the case at bar.

The suit is not against the alleged wrongdoer himself, and there was no proof of such previous authorization from, or cooperation by the defendant, the employer, as to bring him within the rule as laid down in *Lake Shore Ry.* v. *Prentice,* 147 U. S. 101, and the large verdict rendered no doubt largely resulted from this erroneous idea of the jury, and this in a case where the proof fell far short of showing even ordinary negligence.

2. The appellee having affirmatively alleged the exercise of ordinary care on her part, and that she acted without any carelessness or negligence, was bound to prove it. She negatives this allegation by her testimony that *" she opened the door and did not look,"* yet the court not only by its instructions relieved her of the burden of proving her allegation but refused appellant's first and third prayers. Even assuming that in this jurisdiction contributory negligence is a matter of defense, and that exercise of ordinary care need not be averred, yet when it is averred we submit that it must be proved. Even if it be held that though averred it need not be proved, yet when, as in this case, the want of ordinary care was absolutely disproved by plaintiff's own evidence that *" she did not look,"* the defendant was entitled to have his first

prayer granted. These contentions are supported by *Whee-lock* v. *Boston, etc., R.R. Co.,* 105 Mass. 203; *Gaffney* v. *Brown,* 150 Mass. 479; *Johnson* v. *Ramsburg,* 49 Minn. 341, and many other cases.

3. The objection to the admission of the testimony of the witness Benjamin F. Wills concerning his custom as to giving warning when the trap-door was to be opened, which is raised by the fourth assignment of error, is founded upon the contention that it was obviously irrelevant. The proof showed that the workman Burnett was in the trap-door opening in a stooping posture, so filling the opening as to make it impossible for the appellee to fall into the opening, and the issue was whether it was gross and wanton negligence for the appellant to have the trap-door open without further warning or barricade than Burnett's body practically filling the opening, and this at 9 o'clock, A. M. The testimony of Wills could not in any wise enlighten *this issue,* and yet without limiting the effect of this evidence it was allowed to go to the jury generally; and they, beyond doubt, drew from it an inference injurious to the appellant.

4. The injuries alleged in the declaration are: "Fracture of her right arm near the shoulder and severe and painful bruises about her left knee, right eye, and head," yet the court allowed the physician to testify to an injury to the *shoulder joint* not averred in the declaration.

It appears by the physician's testimony that the fracture had long since united and healed, and that the other injuries averred were merely temporary; and it is also apparent that the only inconvenience now suffered is from what he calls "restriction in the shoulder joint." If this testimony had been excluded, as it should have been, it is obvious that the verdict would have been, if not for the defendant, most materially reduced, the result of this ruling being that the appellee was permitted to recover mainly for an injury not even hinted at in the declaration.

*Mr. P. R. Hilliard* and *Mr. R. A. Heiskell* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

In the course of the trial several questions were raised, and are presented to this court by exception. And though several assignments of error are made, only three or four questions are pressed in argument.

1. The first of these questions urged is, that inasmuch as the declaration alleges that the plaintiff's injuries were occasioned by the *gross and wanton* negligence of the defendant's servant in failing to give any warning or notice of the fact that he had entered the premises and opened the trap-door and left the same open, and carelessly allowed the same to remain open, it was incumbent upon the plaintiff to give affirmative proof of the case as alleged, and that proof of ordinary negligence only was a fatal variance.

There are some decisions that have held in accordance with the contention of the defendant in this case. But the great weight of authority, and especially of recent decisions, is clearly against the contention of the defendant in this case. The distinction between negligence and gross negligence, carelessness and gross carelessness, is to a great extent merely verbal; it is simply negligence with a strong adjective of qualification or description. There can be, legally speaking, no degrees of negligence on the part of the defendant, any more than there can be degrees of due care on the part of the plaintiff; for, in respect to the same transaction, the presence of the one element of conduct implies the absence of the other. Any negligence therefore which is legally sufficient to charge the defendant with liability, is, in a legal sense, gross negligence; and the question whether the defendant is to be charged therewith, as being a question of fact, must depend upon the circumstances of the case; as must also the question whether the plaintiff was in the exercise of due care, or, in other words, not guilty of contributory negligence. The term negligence is a relative term, and conduct which may be negligent in one condition of circumstances may bear a very dif-

ferent construction in another.   Buswell, Law, Personal Injuries, 127–8.

In the case of *Grill* v. *General Iron Screw Collier Co.,* L. R. 1 C. P. 600 (cited with approval by the Supreme Court of the United States, in *Milwaukee R. Co.* v. *Arms,* 91 U. S. 489, 494), Mr. Justice Miller said:

" Confusion has arisen from regarding ' negligence ' as a positive instead of a negative word.  It is really the absence of such care as it was the duty of the defendant to use. ' Gross ' is a word of description, and not of definition; and it would have been only introducing a source of confusion to use the expression ' gross negligence ' instead of the equivalent — a want of due care and skill."

And as said by the Supreme Court of the United States, in the case of *Milwaukee R. Co.* v. *Arms, supra,* " ' Gross negligence ' is a relative term.  It is doubtless to be understood as meaning a greater want of care than is implied by the term ' ordinary negligence;' but after all, it means the absence of the care that was necessary under the circumstances.   In this sense the collision in controversy was the result of gross negligence, because the employees of the company did not use the care that was required to avoid the accident."

The question of the degrees of negligence, as sometimes attempted to be applied, was very fully discussed and shown to be impracticable, by Mr. Justice Curtis, in the case of *The Steamboat New World* v. *King,* 16 How. 469, referred to in 91 U. S. 494, from which we have quoted.

It is clear, therefore, that the allegation in the declaration that the injury complained of was occasioned by the *gross and wanton negligence* of the defendant's employee did not impose upon the plaintiff any other or greater burden of proof than to show that the employee of the defendant did not use the care that was required to avoid the accident.

2. It is next contended, that inasmuch as the plaintiff has alleged in her declaration that she received the injuries while in the exercise of ordinary care on her part, and that she was not guilty of any carelessness or negligence in causing the injury, she was bound to furnish affirmative proof in support

of this allegation. This is the rule in some jurisdictions, but it is not the rule here. The allegation is not a material one to be made in the declaration, but being made, the natural instinct of self-preservation would stand in the place of positive evidence to support the allegation, until evidence by proof of contributory negligence furnished by the defendant, or that may be gathered from the evidence introduced by the plaintiff in proving the cause of action alleged in the declaration, overcomes this presumption in behalf of the plaintiff. This rule has been applied in many cases; and it was applied in the case of *Massoth* v. *Delaware & Hudson Canal Co.,* 64 N. Y. 524, which has been followed in subsequent cases. In that case the court was asked to rule that there was no affirmative testimony to show that the injured person looked to see where he was going as he approached the crossing; this ruling was refused, and the court held that the presumption that the injured person would look out for his own safety might well control the case, and that it was right to leave the question of contributory negligence to the jury, as was fairly done in the present case, by the fourth instruction granted at the instance of the defendant. The rule that prevails in this jurisdiction is, that the *onus* of proof is upon the plaintiff to establish his case, by proof of the negligence of the defendant, the injuries resulting therefrom, and his case is made out. If there be circumstances which convict him of contributory negligence, the defendant must prove them and thus defeat the action. Irrespective of statute law on the subject, the burden of proof upon that subject does not rest upon the plaintiff to show himself free of blame, that is to say, the want of care on the part of the plaintiff is matter of defense, to be proved by the defendant. *Railroad Company* v. *Gladmon,* 15 Wall. 401, 406.

It follows that there is no ground for reversal in the second error assigned.

3. The objection to the admissibility of the testimony of the witness Wills, [the appellee's son] as to his custom in giving notice or warning to the family when the trap-door was to be opened, that they might avoid the danger of falling

through it, is the subject of the third error assigned. We perceive no serious ground for the objection to this evidence. The testimony may not have been of any very direct importance; but with the knowledge of the fact of such habitual notification, the plaintiff, in the absence of such notice, may have supposed that the trap-door remained closed as usual, and that it was therefore safe for her to step out of the room door on to the porch. It was a circumstance that could do no injury to the defendant, in view of the positive testimony of the plaintiff, that she did not know, and had no reason to suppose, that the trap-door was open.

4. The next assignment of error presents a question of supposed variance between allegation and proof. The declaration alleges that the plaintiff sustained certain serious and permanent injuries, to wit, a fracture of the right arm near the shoulder, and several other serious bruises, etc.; and the proof in respect to the fracture of the arm showed that the fracture was just below the shoulder joint, and that the effect of the injury extended to and affected the joint and produced restriction thereof. We are at a loss to discover any reasonable ground for the objection to the evidence, because of any supposed variance. The fracture was just below the joint, and the effect of the fracture produced the restriction of the joint, spoken of by the physician. The plaintiff was certainly entitled to give proof as to the nature of the fracture and of all the consequences produced thereby. It was not necessary that the declaration should have shown by allegation that the shoulder joint had been affected as a consequence of the fracture of the arm just below the joint. There is no ground for the error assigned in respect to this supposed variance.

5. The fifth assignment of error relates to the prayers that were ruled upon by the court below. But the objections taken to the prayers granted at the instance of the plaintiff, and to the refusal to grant those offered by the defendant, are disposed of in what we have said in respect of the previous assignments of error. Upon careful examination, we find no error of which the defendant can complain, in any of the rulings of the court in disposing of the prayers for instruc-

tion, nor in that portion of the court's charge to the jury to which exception was taken by the defendant.

Finding no error in the rulings of the court the judgment must be affirmed; and it is so ordered.

*Judgment affirmed.*