### DAVIS, Agent, etc., v. OLSON.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1924.)

No. 6465.

1. Carriers ⚖➔247(2)—Person waiting to board train a passenger.
     One waiting on railway property to board train stopping at that point, and attempting to board, is a passenger.

2. Carriers ⚖➔287(1)—Passenger entitled to safe place for boarding train.
     A passenger is entitled to reasonably safe place to board a train.

3. Carriers ⚖➔320(8)—Evidence held to authorize submitting to jury of negligence in furnishing safe place to board train.
     Evidence held to authorize submission to jury of question of negligence of carrier in furnishing reasonably safe place to board train.

4. Carriers ⚖➔328(1)—Passenger must be held to knowledge of physical conditions before her eyes.
     Passenger boarding train must be held to knowledge of physical conditions before her eyes.

5. Carriers ⚖➔347(4)—Contributory negligence of passenger boarding train held for jury.
     In action by passenger for injuries caused by failure to furnish safe place for boarding train, contributory negligence held for jury.

6. Appeal and error ⚖➔977(1)—Rulings on motion for new trial not assignable error.
     Rulings on motion for new trial are not assignable error.

---

⚖➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. **Appeal and error** &xrarr;1004(1)—**Excessive damages cannot be assigned as error.**

Matter of excessive damages cannot be assigned for error, nor ruled on by a federal appellate court.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action at law by Ethel M. Olson against James C. Davis, as Agent under the Transportation Act of 1920 (Comp. St. Ann. Supp. 1923, § 10071¼ et seq.). Judgment for plaintiff, and defendant brings error. Affirmed.

Allan Briggs, of St. Paul, Minn. (Briggs, Weyl & Briggs, of St. Paul, Minn., on the brief), for plaintiff in error.

Arthur W. Wright, of Austin, Minn. (Martin A. Nelson, of Austin, Minn., on the brief), for defendant in error.

Before STONE and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. From a judgment entered on a verdict for damages on account of personal injuries, the defendant below sues this writ of error. The basis of the action is negligence of the carrier in failing to furnish a passenger a safe place for boarding a railway passenger train. The errors urged here are: (1) Failure to direct a verdict on the ground of insufficiency of evidence of negligence on the part of the carrier. (2) Failure to direct a verdict on the ground of contributory negligence of the plaintiff. (3) Excessive damages.

The first and second points urged involve an examination of the evidence and may be treated together. As the case was submitted both as to negligence of the defendant and of the plaintiff, and as the jury found that the defendant was negligent and the plaintiff was not, the inquiry of this court on the above two points urged here is confined to a determination of whether there was substantial evidence to support this view of the jury.

The facts, from the standpoint of the testimony introduced by plaintiff, were as follows: For some time she had been in the habit of boarding defendant's northbound train at the flag station of Varco, Minn. At this point, there were no station house, railway buildings or platforms of any kind nor any place prepared for passengers to use or occupy while waiting for or in boarding trains. It was merely a place where the main line was crossed by a public highway. On the west side of the main track and a short distance south of the highway, a switch track branched off from the main line. To the south of the highway and on the west side of the main line, the ground was rough, with loose cinders, washed places and a ditch four or five feet deep. This train customarily stopped with the platform entrance, between the smoker and the ladies' coach, at the highway or so near that this platform could be boarded from the highway. On the day of the accident, March 14, 1919, about 4:30 o'clock in the afternoon, plaintiff, with several other passengers, was waiting at the highway on the west side of the track to board the train. When the train stopped, the platform, which had to be boarded by these passengers, was two or three car lengths south of the

roadway. The ground was icy and slippery and it was then raining and freezing. Plaintiff indicated to the brakeman, who had placed a stool on the ground near the car platform, that she did not desire to board there but from the highway. The brakeman had put down the landing step, waved and called "All aboard." Plaintiff then picked up her bag and attempted to walk down to the place where the brakeman was. Several other persons who were waiting to board the train preceded her and arrived safely, but while she was following after them, she slipped and fell into the ditch, injuring her ankles so severely that it was necessary for two men to help her on to the train.

[1-3] There can be no question that a person, waiting on railway property to board a train which stops at that point for passengers and while attempting to board a train stopping there, is a passenger entitled to the protection accorded that relation. That protection includes a reasonably safe place for such purposes. What constitutes a reasonably safe place depends, of course, upon all of the surrounding circumstances. Here, the evidence, introduced by plaintiff, shows that at the highway crossing there was a distance of more than 50 feet where the ground was comparatively level and safe; that this was the customary place for the train to stop and for passengers to board it and therefore, they were justified in waiting at that point with the expectation that the train would stop so that they could board it there; that this train could easily have stopped at that place or could have been moved up two or three car lengths so that the waiting passengers would not have to walk that distance hastily over rough, uneven and icy ground. This testimony, in our judgment, was abundant to authorize the submission to the jury of the negligence of defendant.

[4, 5] While plaintiff must be held to the knowledge of the physical conditions which were before her eyes, yet we think that it cannot be said to be negligence, as a matter of law, for her to endeavor to go from the highway to the boarding place. Whether she was negligent in so doing, under the circumstances, is a matter concerning which men might reasonably differ. We think the issue of contributory negligence was clearly submissible to the jury.

[6] The third point urged here is the excessiveness of the damages recovered. No attack is here made upon the charge of the court regarding damages. In fact, no charge upon that point was requested by the carrier and no exception at all was taken to the entire charge made by the court. The first mention of this matter occurs in the motion for a new trial and the error assigned, in this respect, is the denial of the motion for a new trial which was based upon that and other grounds. Rulings upon motion for new trial are not assignable errors. Erie Ry Co. v. Winter, 143 U. S. 60, 75, 12 Sup. Ct. 356, 36 L. Ed. 71.

[7] Also, the matter of excessive damages cannot be assigned for error nor ruled upon by a federal appellate court. Lincoln v. Power, 151 U. S. 436, 437, 14 Sup. Ct. 387, 38 L. Ed. 224; Erie Ry. Co. v. Winter, 143 U. S. 60, 75, 12 Sup. Ct. 356, 36 L. Ed. 71; Ry. Co. v. Fraloff, 100 U. S. 24, 31, 25 L. Ed. 531; Homestake Mining Co. v. Fullerton, 69 Fed. 923, 931 (this court), 16 C. C. A. 545.

The judgment should be and is affirmed.