**PAXSON v. DAVIS et al.**

Nos. 5681, 5682.

Court of Appeals of the District of Columbia.
Argued Feb. 14, 1933.
Decided May 1, 1933.

Rehearing Denied May 19, 1933.

Samuel W. McCart, of Washington, D. C., for appellant.

Martin J. McNamara and Martin F. O'Donoghue, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

These are appeals from judgments for damages for personal injuries suffered in an automobile accident. The cases arise out of the same accident, and were consolidated for trial in the court below.

It appears that some time prior to October 18, 1928, Mr. Paxson, appellant herein, invited Mr. and Mrs. Davis, the appellees, to ride with him as guests in his automobile to attend the Frederick Fair in Maryland, and on the forenoon of that day the parties set out in the automobile upon the journey. Mr. Paxson, who owned and operated the car, sat in the left front seat with his wife by his side, while Mr. and Mrs. Davis sat in the rear seat. The day was clear and pleasant, the roads were dry, and the party experienced no difficulty until the time of the accident in question.

The testimony tends to show that, when the party reached the village of Darnestown, Md., the car started up a grade at the rate of 30 or 35 miles per hour; that Paxson increased the speed as he went up the grade; that at the top of the hill the car was going 45 to 50 miles per hour; that, after the car went over the top of the grade, it started to swerve from side to side, from left to right, then to the left again. There were no other cars on the road at the time, and nothing was in the way. When Paxson was making the second turn to the right Davis yelled, "For God's sake, Bill, look out." Paxson, however, stepped on the gas, and the car made the final plunge across the road. The car turned over and headed back toward Washington; turning over again, it landed upright on its four wheels. After the accident, Davis found himself in the ditch. The front door had sprung open, and Mr. and Mrs. Paxson were thrown out of the car. Mrs. Davis was found lying across the front seat with her feet outstretched through the front door. Mr. and

Mrs. Davis were both seriously injured. After the accident, the left rear wheel of the car was found in a disabled condition.

The actions below were then begun by the filing of declarations severally by Mr. and Mrs. Davis charging the defendant Paxson with negligence in the driving of the car, and setting out the injuries which they had suffered thereby. In each declaration there was an allegation that in the state of Maryland certain regulations were in effect known as the General Motor Vehicle Law of Maryland (Code Pub. Gen. Laws Supp. 1929, art. 56), reading in part as follows:

Section 194 (1): "No person shall operate a motor vehicle of any kind, as defined in this sub-title, over any public highway of the State recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger the property and life or limb of any person. * * * "

Section 194 (3): " * * * If the rate of speed of a motor vehicle operated upon any public highway exceeds thirty-five miles per hour in the open country outside of the limits of cities, towns or villages, such rate of speed shall be prima facie evidence that the person operating such vehicle is operating the same at a rate of speed greater than is reasonable and proper, and in violation of the provisions of this section, and the burden of proof shall be upon him to show that such rate of speed was not greater than was reasonable and proper, as above set forth. * * * "

It is alleged in each declaration that the defendant, Paxson, nothwithstanding his duty in the premises, but in violation thereof, acted negligently, carelessly, and recklessly, and propelled the automobile at a reckless, careless, and excessive rate of speed, in violation of the foregoing provisions of the General Motor Vehicle Law; that he continued to operate said automobile carelessly, recklessly, and at an excessive rate of speed, by reason whereof he lost control of the car and caused it to leave the road and turn over, causing plaintiffs severe and painful injuries in and about their bodies, for which the plaintiffs claimed damages.

The defendant by his plea denied all charges of negligence upon his part, and alleged that, while operating the automobile at a reasonable rate of speed, the left rear wheel collapsed, causing it to swerve off the road and upset; that the collapse of the left rear wheel was not the result of any negligence on the part of the defendant.

The cases were tried together to the jury, and a verdict for damages was returned for each plaintiff. The court entered judgment upon each verdict, and the cases were appealed.

Appellant's first, second, and third assignments of error relate to the refusal of the court to grant defendant's motion for a directed verdict. We cannot sustain these assignments. The question was one of fact coming peculiarly within the province of the jury to decide. The testimony was conflicting, and the lower court was right in submitting the issue to the jury.

It is contended, however, by the appellant that the sole negligence charged in the declaration was the violation of the provisions of the General Motor Vehicle Law of the State of Maryland, and that these statutes are penal in character, and therefore can have no operative effect in the District of Columbia. It is contended that it was error to permit of a recovery based upon such statutes.

We think this contention is inapplicable in this case. The provisions of the first paragraph of section 194, supra, prohibit the operation of a motor vehicle over any public highway recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highway, or so as to endanger the property and life or limb of any person. This is nothing more than a statement of the law generally applicable to such cases, and is not peculiar to the state of Maryland. It imposes no unusual or peculiar burden upon the defendant. Moreover, we have held that the right to recover in an action like this is governed by the lex loci and not by the lex fori. Rubenstein v. Williams, 61 App. D. C. 266, 61 F. (2d) 575, 60 W. L. R. 783. Furthermore, the present actions were not brought to enforce the penalties prescribed by the statutes, and consequently this contention cannot be sustained.

The fourth, fifth, and sixth assignments of error relate to the rulings of the court in respect to the testimony of the witness, Baldwin, for the defendant, and to certain remarks of plaintiffs' counsel to the jury in relation thereto. It appears that the witness testified generally in the case, and upon cross-examination he was asked, "Were you not employed by the Keystone Indemnity Company at that time?" He answered, "Yes, sir." He was next asked, "You were employed by the Keystone Indemnity Company on October 19, 1928?" to which he answered, "I was its manager, but it was my own business with a gen-

eral brokerage license." The next question was, "Yes, and you did investigating and adjusting work around here, did you not?" The defendant objected to this question upon the ground that the evidence that the witness was connected with the Keystone Indemnity Company was sufficient to convince the jury that the defendant was protected by liability insurance against such accidents. The court overruled the defendant's objection, and offered to instruct the jury on the effect to be given to this testimony, which offer the defendant declined, claiming that the effect of the evidence could not be cured. Later in the trial the witness, Baldwin, was called back to the stand for cross-examination, and testified in answer to questions of the plaintiff that he was employed as general manager and adjuster in Washington for the Keystone Indemnity Exchange together with his other business, and he was so employed while working on this case. Thereupon the defendant objected, and the court instructed the jury as follows: "I will say to the jury that these questions were put to this witness for the sole purpose of making you the judge of whether or not he has any bias in his testimony. You are the sole judge of the credibility of all these witnesses. Counsel have been permitted considerable leeway in the questions which they ask, but it is for you to determine what weight you are going to give to the testimony of any witness."

Afterwards the plaintiffs' counsel in the course of his closing argument to the jury said: "Now, you take Baldwin, what is he? He is the insurance man who is investigating and adjusting this case. What does Baldwin do?"

Thereupon counsel for the defendant objected upon the ground that the evidence of insurance presented to the jury was such that the jury had been prejudiced beyond correction, and that the argument was improper. The court thereupon immediately instructed the jury as follows: "Gentlemen, you have, of course, heard the evidence, and it is exclusively for you to determine what the evidence is. My recollection is that some of the evidence brought out the fact that Mr. Baldwin was an insurance adjuster. There is some evidence on behalf of the defendant, Mr. Paxson, that Mr. Baldwin was investigating the facts with respect to this accident. So far as I recall, there is no evidence that he was attempting to adjust any question between Mr. Paxson and the plaintiff, so I think that that part of the statement made by counsel is not supported by the evidence, and that statement by him is withdrawn. For each of you

heard the evidence and probably remember it better than I do, and it is for you to determine what the evidence is."

We are of the opinion that no error is disclosed by these assignments. It is established law that as a general rule it is reversible error, in the trial of an action for damages for personal injuries suffered in an automobile accident, to permit the plaintiff to introduce evidence to show that the defendant is protected by liability insurance against such accidents. Such evidence, however, may be admitted where it is material as tending to establish an incidental fact in issue, as for the purpose of showing the interest or bias of a witness as agent of an insurance company, but, where it is so admitted, the court should caution the jury to receive it only for such purpose and not to consider it in regard to defendant's duty or liability to plaintiff. It is doubtful whether the testimony in the record tended to show that Baldwin had acted as an insurance adjuster in this case, or that at the time of this accident he was engaged in business of that character, and, moreover, the instruction of the court was sufficient to apprise the jury that such testimony would in any event be directed only to Baldwin's interest and bias as a witness in the case, and would not reflect upon the defendant's liability to the plaintiffs. The fourth, fifth, and sixth assignments of error are therefore overruled.

■ Appellant's seventh assignment of error charges that the court erred in granting plaintiffs' request, over objection by defendant, of charge No. 3 regarding section 194 of the motor vehicle laws of the state of Maryland. This instruction consisted of nothing more than a reading by the court to the jury of the Maryland Motor Vehicle Law, section 194, paragraph 3, which provides:

"If the rate of speed of a motor vehicle operated upon any public highway exceeds thirty-five miles per hour in the open country outside of the limits of cities, towns, or villages, such rate of speed shall be prima facie evidence that the person operating such vehicle is operating the same at a rate of speed greater than is reasonable and proper, and in violation of the provisions of this section, and the burden of proof shall be upon him to show that such rate of speed was not greater than was reasonable and proper, as above set forth."

The defendant objected to this charge upon the ground that it had the effect of changing the common law in the District of Columbia, because in the District the burden of

proving negligence in such cases rests upon the plaintiffs.

It appears, however, that the trial court did not hold that the Maryland rule relating to the burden of proof is applicable to this case. Upon this subject the court instructed the jury as follows: "The burden is upon the plaintiffs to prove by a preponderance of the evidence that the defendant drove recklessly and at a rate of speed which was greater than reasonable and proper, having regard to the width, traffic, and use of the highway, immediately preceding the happening of the accident. Further, the burden is on the plaintiffs to prove that any such act was the proximate cause of the accident, and should you find as a matter of fact that the defendant did not drive recklessly and at such a rate of speed or that such driving, even though it was reckless and at an excessive rate of speed, was not the proximate cause of the accident, then your verdict should be for the defendants in both cases."

We think, therefore, that the seventh assignment of error cannot be sustained.

 The eighth assignment of error is that the court erred in denying defendant's request number 4 regarding negligence in the operation of the automobile after it became unmanageable.

This request reads as follows: "If you find that the plaintiffs were the guests of the defendant riding in his car at his invitation then I charge you as a matter of law that, until the moment his car became unmanageable, he owed to them the duty to use reasonable care in its operation and not unreasonably expose them to danger and injury by increasing the hazards of travel * * * and I further charge you that after the moment defendant's automobile became unmanageable plaintiffs, as a matter of law, accepted such skill as the defendant possessed in handling his automobile, and, as the plaintiffs, in their declarations do not charge the defendant with any negligence after the moment his car became unmanageable, any acts of defendant after this moment are not to be considered by you in reaching your verdict."

We think there was no basis in the testimony for such an instruction as this, and that it could have no other effect than to confuse the jury. The testimony does not enable the jury to distinguish between the defendant's degree of care before the car became unmanageable and afterwards. Moreover, in our opinion the law requires that the driver of the automobile shall at all times exercise reasonable and ordinary care in the management of the car at the time and under the circumstances. We therefore feel that the assignment should be overruled.

The judgments in both cases, to wit, No. 5681 and No. 5682, are affirmed, with costs.