## TOBIN v. PENNSYLVANIA R. CO.*
### No. 7028.

United States Court of Appeals for the District of Columbia.

Decided Oct. 24, 1938.

---

*Writ of certiorari denied 59 S.Ct. 488, 83 L.Ed. ——.

436

Rossa F. Downing, Thomas F. Gowen, and Hilda M. Jackson, all of Washington, D. C., for appellant.

F. D. McKenney, J. S. Flannery, G. B. Craighill, and R. A. Bogley, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Annie L. Tobin, appellant herein, declared against the Pennsylvania Railroad Company for an injury suffered by stepping into a space between the station platform and the platform of a car'on a train operated by appellee out of the Thirtieth Street Pennsylvania Station in Philadelphia. The theory of her case, as set out in two counts, is that appellee negligently constructed and maintained its station by permitting to exist a space which was unusual and unnecessary, and that appellee was guilty of negligence in creating and maintaining a dangerous condition without providing a "guard, sign, warning or suggestion of any kind" that such condition existed. The lower court directed a verdict for appellee upon the conclusion of appellant's evidence, and this appeal is from the judgment on the directed verdict.

■ The law applicable to the case, so far as it concerns the standard of conduct required of the parties, is the law of the place of injury,[1] hence, the law of Pennsylvania; but the application of the standard must be made according to the law of the forum for that is a procedural matter.[2] Consequently, the question whether there is sufficient evidence to take the case to the jury must be determined according to the law of the District of Columbia.[3]

■ The rule applicable in the District of Columbia on a motion for a directed verdict in an action founded upon negligence, is that the evidence must be construed most favorably to the plaintiff; to this end he is entitled to the full effect of every legitimate inference therefrom; if upon the evidence, so considered, reasonable men might differ, the case should go to the jury; if, on the other hand, no reasonable man could reach a verdict in favor of the plaintiff, the motion should be granted; a mere scintilla of evidence is not sufficient; the question is not whether there is any evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party upon whom the *onus* of proof is imposed; the burden being upon the plaintiff to establish the negligence and injury alleged, if the evidence fails adequately to support either element, the motion should be granted.[4]

[1] Paxson v. Davis, 62 App.D.C. 146, 65 F.2d 492, certiorari denied, 290 U.S. 643, 54 S.Ct. 61, 78 L.Ed. 558; Rubenstein v. Williams, 61 App.D.C. 266, 61 F.2d 575; Restatement, Conflict of Laws (1934) §§ 378, 379, 595. See, also, Cuba R. Co. v. Crosby, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274, 38 L.R.A., N.S., 40; Young v. Masci, 289 U.S. 253, 258, 53 S. Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170; Benton v. Safe Dep. Bank of Pottsville, 255 N.Y. 260, 265, 174 N.E. 648, 649.

[2] Singer v. Messina, 312 Pa. 129, 167 A. 583, 89 A.L.R. 1271; Savannah, Florida & Western Ry. Co. v. Evans, 115 Ga. 315, 41 S.E. 631, 90 Am.St.Rep. 116; Restatement, Conflict of Laws (1934) § 585.

[3] Restatement, Conflict of Laws (1934) §§ 380, 594, 595. Cf. § 380(2).

[4] See Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380, and authorities there cited.

The evidence, most favorably construed in favor of appellant, was that she was a woman sixty-four years of age, in good health prior to the accident, weighing in the neighborhood of 175 pounds; she had ridden on a train only once before in her life and was unfamiliar with the Thirtieth Street Station of appellee railroad company in Philadelphia, where the accident occurred; she was much excited by the experience; she was accompanied on this occasion by four companions, two of whom preceded her onto the train; the floor of the platform station was on a level with the platform of the train, permitting passengers to step directly from the floor of the station to the floor of the car vestibule; the station was crowded at the time of the accident, the Democratic National Convention then being in session at Philadelphia; appellant's view of the space between the station platform and the vestibule platform may have been obstructed by those who were preceding her onto the train; the space between the station platform and the train was from five to twelve inches in width; it was large enough to permit her foot to go into the aperture, though she was wearing a shoe ten inches in length, and it was large enough so that she fell clear to her hip, her other leg being outstretched on the station platform and the upper part of her body thrust forward into the vestibule of the car over her suitcase; she was seriously injured, probably permanently, as a result of the accident; the scene of the accident was in a subway, three flights of stairs down from the street level; there was no daylight, the only illumination being from a few electric lights near the ceiling; there were no lights along the place where the passengers entered the coaches; there was only one representative of the railroad company near at the time of the accident and he did not see it happen; several minutes elapsed before the representative of the railroad company saw appellant in the hole and helped her out; no warning of any kind was given by any representative of the railroad company. It should be noted also as regards the matter of warning that the following allegation appears in appellee's plea filed by it as defendant in the lower court:

" . . . defendant admits that there was no guard or sign calling attention to the space between said floor and platform, but denies that there was any duty on its part to provide a guard, sign, warning or suggestion with respect thereto and further says that the attention of plaintiff and of other passengers was directed to the existence of such space by defendant's employees admonishing them to watch their step; . . . "

This affirmative allegation suggests a recognition by appellee of a dangerous condition, and voluntary assumption of a duty to protect its passengers therefrom. The testimony of appellant's witnesses challenged the allegation and the only evidence upon the point contradicted it flatly. See Altemus v. Talmadge, 61 App.D.C. 148, 151, 58 F.2d 874, 877, certiorari denied, 287 U. S. 614, 53 S.Ct. 16, 77 L.Ed. 533.

The standard of care applicable in cases arising out of alleged negligence of railroad companies has been stated by the Supreme Court of Pennsylvania in Palmer v. Warren Street Ry. Co., 206 Pa. 574, 581, 56 A. 49, 51, 52, 63 L.R.A. 507, as follows:

" * * * More is required of a common carrier than mere reasonable precaution against injuries to passengers and care that its cars and appliances are to be measured by those 'in known general use.' While the law does not require the utmost degree of care which the human mind is capable of imagining, it does require that the highest degree of practical care and diligence shall be observed that is consistent with the mode of transportation adopted; and cars and appliances are to be measured by those which have proved by experience to be the most efficacious in known use in the same business. The rule upon this subject, as laid down in Meier v. Pennsylvania R. Co., supra [64 Pa. 225, 3 Am.Rep. 581], and which should have been followed by the court in answering the point, is: 'The utmost care and vigilance is required on the part of the carrier. This rule does not require the utmost degree of care which the human mind is capable of imagining; but it does require that the highest degree of practical care and diligence should be adopted that is consistent with the mode of transportation adopted. Railway passenger carriers are bound to use all reasonable precautions against injury of passengers; and these precautions are to be measured by those in known use in the same business, which have been proved by experience to be efficacious. The company is bound to use the best precautions in known practical use. That is the rule; the best precautions in known prac-

tical use to secure the safety of the passengers; but not every possible preventive which the highest scientific skill might suggest.'"

The rule as applied in the District of Columbia has been stated by this court in a number of cases, of which the following are examples: Capital Traction Co. v. Copland, 47 App.D.C. 152, 159:

"* * * Common carriers of passengers, like the defendant, are bound to exercise extraordinary vigilance added by the highest skill for the purpose of protecting their passengers against injury resulting from defects in ways or instrumentalities used by the carriers. (Pennsylvania Co. v. Roy, 102 U.S. 451, 26 L.Ed. 141, 10 Am. Neg.Cas. 593.) They are bound to anticipate what passengers would naturally do under circumstances such as those in which the plaintiff acted."

Great Falls & Old Dominion R. Co. v. Hill, 34 App.D.C. 304, 312, certiorari denied 216 U.S. 619, 30 S.Ct. 574, 54 L.Ed. 640:

"* * * It is the duty of a carrier, as stated in another instruction given at the request of plaintiff, to exercise the highest practicable degree of care for the safety of its passengers, not only in the matter of carriage, but also in respect of means for getting on and off its cars. Washington & G. R. Co. v. Harmon's Adm'r (Washington & G. R. Co. v. Tobriner), 147 U.S. 571–580, 13 S.Ct. 557, 37 L.Ed. 284–288; Warner v. Baltimore & O. R. Co., 168 U.S. 339–348, 18 S.Ct. 68, 42 L.Ed. 491–497; * * *"

 If the aperture into which appellant fell was larger than necessary; if the appellee should have maintained a guard at the point to warn passengers and failed to do so; if the station at that point was inadequately lighted; if a crowd of people present added to the situation an element of unusual danger; and if all these elements existed in combination, a jury composed of reasonable men could properly have found that appellee was negligent in that it failed to measure up to the standard of care required of it under the circumstances.

In its charge to the jury the lower court stated that no negligence on the part of appellee had been shown and upon that ground granted appellee's motion for a directed verdict, which motion was predicated not only on the contention that no negligence on the part of appellee had been shown, but that the evidence showed that the accident and injury resulted solely from her own negligence.[5] The refusal of the lower court to charge on the latter point was proper. Under the circumstances of the present case, the whole question of due care and contributory negligence was one for the jury[6] and we think that the evidence upon that question—most favorably construed in favor of appellant under the rule—was susceptible of different conclusions by reasonable men.[7] In the case of Bloomer v. Snellenburg, 221 Pa. 25, 28, 69 A. 1124, 21 L.R.A.,N.S., 464, 466, the Pennsylvania Supreme Court said:

"* * * It may be that the plaintiff, while looking at the goods around her rather than at the floor at her feet in search of obstacles, was not using the caution which reasonably prudent persons would be expected to use under the circumstances, but that was a question of fact for the jury, and not of law for the court."[8]

[9, 10] Appellee contends that the question, whether the existence of a space between the station platform and passenger cars constitutes negligence on the part of the carrier, is a matter of law and not a question of fact for the jury, and cites a number of New York cases in support of that proposition. Appellant cites a number of cases from the courts of Illinois and Missouri to the contrary. Our attention

---

[5] If the law of the forum makes it a condition of maintaining an action that the party bringing the action show himself free from fault, the condition must be fulfilled, although there is no such requirement in the state where the cause of action arose. Restatement, Conflict of Laws (1934) § 601. However, the law of the District of Columbia does not require either allegation or proof of absence of fault. That is a matter of defense. Atchison v. Wills, 21 App.D.C. 548. See Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[6] Pennsylvania R. Co. v. Rogers, 3 Cir., 244 F. 76; Davis v. Olson, 8 Cir., 298 F. 921.

[7] Mosheuvel v. District of Columbia, 191 U.S. 247, 24 S.Ct. 57, 48 L.Ed. 170; Walker v. Dante, 61 App.D.C. 175, 177, 58 F.2d 1076, 1078; Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R. A., N.S., 464.

[8] Cf. Twersky v. Pennsylvania R. Co., 261 Pa. 6, 104 A. 63.

has been called to no legislative enactment or decision which determines the question either for the District of Columbia or the State of Pennsylvania. The American Law Institute Restatement of the Law of Torts states the applicable rule as follows (§ 285): "The standard of conduct of a reasonable man . . . (b) may be applied to the facts of the case by the trial judge or the jury, if there be no such legislative enactment or judicial decision" and in the *Comment* which follows the Section quoted it is said:

"*e. Function of trial court.* If there is no legislative enactment covering the circumstances of a particular case and there is no decision of an appellate court which establishes whether particular conduct is or is not negligent, a trial judge may withdraw a case from a jury whenever the jury could not reasonably find the defendant's conduct to be negligent."

As this is a question of procedure it should be determined according to the law of the forum in any event.[9] The rule stated in the Restatement of the Law of Torts is almost identical in terms with the general rule of the District of Columbia concerning motions for directed verdicts. See Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380. While it is true that there must be some lateral space between station platforms and cars, because of the oscillation of the cars, whether the size of such a space under all the circumstances of the present case constituted negligence on the part of appellee was a question upon which reasonable men could differ. In our opinion, therefore, this question was one which should have gone to the jury.

Appellant assigned as error the exclusion, by the lower court, of evidence concerning the propriety of providing a bridge or an apron across the space into which she fell. Objection to appellant's questions on this point were sustained on the theory that it was improper for her to introduce such evidence unless she first proved the existence of a general practice of providing such bridges or aprons. The ruling of the lower court upon this question was correct. See Kilbride v. Carbon Dioxide & Magnesia Co., 201 Pa. 552, 556, 557, 51 A. 347, 348, 88 Am.St.Rep. 829.

Reversed.

[9] Singer v. Messina, 312 Pa. 129, 167 A. 583, 89 A.L.R. 1271; Rastede v. Chicago, St. P., M. & O. Ry. Co., 203 Iowa 430, 212 N.W. 751; Ferguson v. Harder, 141 Misc. 466, 252 N.Y.S. 783.