**Annie Miller MOLINARO et al.,
Appellants,**

v.

**SCOTT BROTHERS, Inc., a corporation,
Appellee.**

**No. 12647.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 22, 1955.

Decided Dec. 8, 1955.

Mr. Samuel Intrater, Washington, D. C., with whom Mr. Albert Brick, Washington, D. C., was on the brief, for appellants.

Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., and Randolph C. Richardson, Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, DANAHER and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Our appellants Molinaro filed in the District Court for the District of Columbia a civil action based upon an automobile accident in Pennsylvania. The evidence showed that the name of the defendant company was painted on the side of the truck which was in collision with appellants' car. The defendant, however, proved the truck had been leased by it to the Pennsylvania Railroad, was being driven by a regular employee of that Railroad, and was on exclusively Railroad business. That proof was in the form of documents and oral testimony. It was uncontradicted. The Molinaros relied upon a presumption of Pennsylvania law, which is that, where the name of a company is painted on the side of a vehicle, the company is presumed to be the owner and operator of the vehicle.

The Molinaros say that Pennsylvania cases hold the presumption strong enough to take a case to the jury even in the face of uncontradicted evidence contrary to the presumption. In the present case the trial judge let the case go to the jury, and it found for the Molinaros. He then set the verdict aside and gave judgment for the defendant.

The trial judge held the presumption of the Pennsylvania law, being a matter of substance, must be applied, but that the evidentiary situation upon which

must depend his decision whether a case for the jury had been made out, being a procedural matter, is controlled by the law of the forum.[1] He concluded that the overwhelming and uncontradicted evidence demolished the presumption and left no case for the jury. We find no error in his judgment.

Affirmed.

Affirmed.

---

1. Tobin v. Pennsylvania R. Co., D.C.Cir. 1938, 69 App.D.C. 262, 100 F.2d 435, certiorari denied, 1939, 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1040; Boland v.

Love, D.C.Cir.1955, 95 U.S.App.D.C. 337, 341, 222 F.2d 27, 31.