## RUBENSTEIN v. WILLIAMS.

### SAME v. MYERS (two cases).

### Nos. 5330–5332.

Court of Appeals of the District of Columbia.
Argued Feb. 3, 1932.

Decided March 21, 1932.

Rehearing Denied April 23, 1932.

Henry I. Quinn and Harry F. Kennedy, both of Washington, D. C., for appellant.

Albert D. Esher, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

These are appeals from judgments of the Supreme Court of the District of Columbia entered upon the verdicts of a jury in three suits for personal injury alleged to have been received by the appellees because of the negligent operation of an automobile owned by appellant and operated by his wife. The suits were consolidated for trial. The sole question for decision is whether the relationship of husband and wife imposes liability on the husband for the negligent operation of his automobile by the wife.

Both sides insist that the applicable law is that of Virginia, where the injuries were sustained. We likewise think that the right to recover is governed by the lex loci and not by the lex fori. See Northern Pacific R. R. v. Babcock, 154 U. S. 190, 14 S. Ct. 978, 38 L. Ed. 958; Evey v. Mex. Cent. Ry. (C. C. A.) 81 F. 294, 38 L. R. A. 387. In Virginia there is no statute on the subject, but the rule of law established by its courts is as binding as a legislative enactment. Alexander v. Pa. Co., 48 Ohio St. 623, 30 N. E. 69, 71.

In the trial below the plaintiffs called Mrs. Pauline Rubenstein, appellant's wife, who testified that "she was the wife of the defendant, Samuel Rubenstein; that her husband was the owner of the automobile she was driving at the time of the accident complained of by the plaintiffs; and that she was driving said automobile with his permission; that there was (were) with her in the automobile at the time of the accident her son, Samuel David Rubenstein, a friend, Mrs. Ida Witkowski, and said friend's infant daughter; that she had driven to Fort Humphreys and was returning to Washington by the way of Alexandria, when the accident happened."

At the end of plaintiff's case, and again at the conclusion of all the evidence, appellant moved for a directed verdict, which was denied. In the view we take of the Virginia law the decision of the lower court was wrong.

In Cohen et al. v. Meador, 119 Va. 429, 89 S. E. 876, 879, it was held that the liability of an owner of an automobile for injuries sustained as a result of the negligent management of the car by another depends upon whether the rule of respondeat superior applies. In that case the injury was inflicted by a son in the use for his own pleasure of his father's automobile, and as to this the Court of Appeals of Virginia said: "The liability in such cases results, if at all, from the fact of agency, and this fact must be proved. No presumption of agency arises merely from the domestic relationship."

In the later case of Blair v. Broadwater, 121 Va. 301, 93 S. E. 632, L. R. A. 1913A, 1011, the Court of Appeals quoted with ap-

proval from Doran v. Thomsen, 76 N. J. Law, 754, 71 A. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677, in which it was held that, in an action against the father, where the daughter, in using the father's machine for her own pleasure, negligently injured a person in the highway, the use of the car with the father's permission was not in itself sufficient to constitute the daughter the servant or agent of the father.

Appellees in this case rely upon Litz v. Harman, 151 Va. 363, 144 S. E. 477. In that case the so-called "family-purpose" doctrine was held applicable. The facts there were that the father who owned the automobile kept the same for family purposes and rarely drove it himself, spending a great deal of his time away from home; that his family used it for pleasure as well as business; that at the time of the accident the son who was driving the car had been sent by his mother, without his father's knowledge, to deliver some groceries to a camp located in the mountains close to his home and at which a daughter was then staying. On this state of facts, the Virginia court held that the use of the automobile with the implied authority of the father for the purpose for which it had been bought was enough to make the son for the time being the servant and agent of the father. It is significant, however, that though the court reached the conclusion stated, the opinion notices and approves the rule announced in the Cohen and Blair Cases to the effect that the relationship of father and son, or father and daughter, does not of itself impose liability upon the father for the negligent operation of his automobile.

Whatever doubt, however, may have arisen as a result of the Litz-Harman decision is set at rest, we think, by the later case (January 16, 1930) of Green v. Smith, 153 Va. 675, 151 S. E. 282. There the son, a minor, had been placed by the father in a boarding school located near the father's home. He returned home regularly each week-end. On the day of the accident, and while he was at home, wishing to take some clothes to a pressing club to be cleaned and pressed and other clothes and personal effects back to the school, he asked and secured the permission of his father to use the automobile for these purposes. In these circumstances it was held that neither the doctrine of agency nor of master and servant applied, and it was said the settled rule in Virginia is that the relationship of father and child does not impose liability upon the father for the negligent operation of his automobile by the child even when it is being used with the express or implied permission of the father, and the case is distinguished from the Litz Case upon the ground that in the latter the evidence showed the automobile was bought and kept for family purpose use and that the son had general permission to use it when he liked.

Whether the distinction is more fanciful than real is not of importance, for it is obvious that the most that can be deduced from the Virginia decisions on the subject of the family purpose doctrine is that it is applicable only in those cases in which it is shown that the automobile belonging to the head of the family was acquired for general family use and was indiscriminately so used, and in this aspect, under the facts shown in this case, the doctrine would not apply, for here the evidence wholly fails to show that the automobile being driven by the wife was bought or maintained for family purposes or was so used. Indeed, all that is shown is that on the particular day of the injury it was being driven by the wife with the permission of the husband solely for her own pleasure. This brings the case well within the doctrine of the Green-Smith Case, supra, in which, under circumstances more nearly approaching agency, liability was denied.

Since in this case we are only called on to ascertain the Virginia rule of liability applicable as of the time of injury, we refrain from expressing any opinion of our own on the subject of the applicability of the "family purpose" doctrine, or that other rule, the "dangerous-instrumentality" doctrine, in actions for injuries sustained through the use of automobiles in this jurisdiction. The Virginia law being against the right of recovery in the circumstances of this case, the judgments of the lower court must be, and are, reversed.

Reversed.