## WILLIAMS v. RUBENSTEIN.
### No. 5992.

Court of Appeals of the District of Columbia.
Argued Jan. 15, 1934.
Decided Feb. 5, 1934.

Thomas A. Williams, of Richmond, Va., and Albert D. Esher, of Washington, D. C., for appellant.

Henry I. Quinn and Harry F. Kennedy, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This is the second appeal in this case.

The action arose out of an automobile accident in Virginia and is based on the rule of law called the "family purpose doctrine" as established by the courts of that state.

On the former appeal [61 App. D. C. 266, 61 F.(2d) 575], we reversed a judgment for the plaintiff on the ground that the evidence failed to show that the automobile being driven at the time by the wife of defendant was

232

bought and maintained for family purposes. On the retrial the lower court instructed a verdict for the defendant. The appeal is from the judgment entered on the directed verdict.

· We have examined the record with care to see if there was introduced any substantial evidence as the result of which the jury might have found for the plaintiff, and we can discover none. The principal reliance of the appellant here is upon the claim that on the former trial appellee's wife testified the automobile was bought by her husband for family use; but even if it be conceded she had so testified formerly, it would not sustain a verdict on a subsequent trial where not only no such evidence was given but the fact denied. Here we have an action in which a defendant is charged with liability on the theory that having maintained an automobile for the use of his family, the negligence of the driver, his wife, is imputable to him. To maintain such an action, proof of the main fact is a first and indispensable requirement.

Here, as we have seen, the plaintiff wholly failed to maintain that issue. This makes it necessary to affirm the action of the trial court.

But in addition to this, we think it proper to call attention to the fact that on the previous appeal we were led to say that while in Virginia there is no statute declaring that negligence on the part of the driver of an automobile, a member of the family, should be imputed to the owner where the car was bought and maintained for family purposes, we should nevertheless hold that rule applicable if it should be clearly shown to be established by the decisions of the highest court of that state. On further consideration, we are inclined, at least for the present, to leave that question open, and therefore to say we shall not feel bound by what was said on that subject on the first appeal in this case. 61 App. D. C. 266, 61 F.(2d) 575.

Affirmed.

No. 5993 and No. 5994 affirmed on the grounds set out in No. 5992.